# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERITA HORTON, | CASE NO. 1:12-cv-01116-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| v. | |
| AURORA LOAN SERVICES, INC., et al. | |
| Defendants. | **OBJECTIONS DUE: 21 DAYS** |
| _____/ | |

## I. INTRODUCTION

On July 9, 2012, Plaintiff Sherita Horton ("Plaintiff") filed this action in the Sacramento division of the United States District Court for the Eastern District of California ("Eastern District") against Defendants Aurora Loan Services, LLC; Mortgage Electronic Registration Systems, Inc.; and Quality Loan Services Corp. (Doc. 1.) On July 10, 2012, Plaintiff filed a motion for a temporary restraining order, which was denied the same day and the case was transferred to this Court, the Fresno Division of the Eastern District. (Doc. 9.)

On July 11, 2012, the Court issued an order setting a mandatory scheduling conference for September 18, 2012. (Doc. 10.) The order required the parties to submit a joint scheduling report one (1) full week prior to the scheduling conference. (Doc. 10, 2:21-25.) Neither party filed a

scheduling report nor participated in the scheduling conference,[1] requested additional time to do so, or otherwise contacted the Court regarding the mandatory Scheduling Conference. As such, on September 12, 2012, the Court issued an order requiring Plaintiff to show cause why the case should not be recommended for dismissal for failure to comply with the July 11, 2012, Order and for failure to prosecute the case. (Doc. 11.) Plaintiff filed no response to the Court's Order to Show Cause ("OSC").

## II.   DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir.

---

[1] There is no executed summonses filed on the docket to indicate that any defendant has been served.

2002); *see also Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.  "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, the Court finds that dismissal of Plaintiff's complaint is appropriate.  In considering the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted).  Given Plaintiff's failure to comply with the Court's July 11, 2012, order as well as Plaintiff's failure to respond to the Court's OSC, it appears that Plaintiff is not interested in proceeding with the case.  No summonses have been executed, no statement was filed in advance of the September 18, 2012, scheduling conference as required by court order, and no response to the OSC was filed even though the Court indicated that dismissal of the case would be recommended in the event cause for failure to comply with the Court's order and to prosecute the case was not shown.  Plaintiff's failure to comply with these orders or take steps to prosecute the case thwarts the public's interest in expeditious resolution of this matter.  Thus, this factor weighs in favor dismissal.

The second factor, the court's need to manage its docket, also weighs in favor of dismissal. "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding." *Lopez v. Washington Mut. Bank, F.A.,* No. 1:09-CV-1838 AWI JLT, 2010 WL 2629039, at *1 (E.D. Cal. June 25, 2010).

As for the third factor, the risk of prejudice, the fact that a lawsuit is pending against a defendant who has not yet been ordered to respond "is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991. However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 642.  As such, any risk of prejudice to Defendants also weighs in favor of dismissal.

1   The fourth factor of public policy favoring disposition on the merits normally weighs against
2   dismissal. *Id*. at 643.  "At the same time, a case that is stalled or unreasonably delayed by a party's
3   failure to comply with deadlines . . . cannot move forward toward resolution on the merits. Thus, [the
4   Ninth Circuit has] also recognized that this factor lends little support to a party whose responsibility
5   it is to move a case toward disposition on the merits but whose conduct impedes progress in that
6   direction." *In re PPA,* 460 F.3d at 1228 (citation omitted).  As such, this factor has little weight in
7   cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with
8   the action. *See id.; Lopez*, 2010 WL 2629039, at *2.

9   Regarding the fifth factor, the availability of lesser sanctions, "[t]he district court abuses its
10  discretion if it imposes a sanction of dismissal without first considering the impact of the sanction
11  and the adequacy of less drastic sanctions." *In re PPA*, 460 F.3d at 1228.  The court must consider
12  the "feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate,"
13  whether there was an "alternative methods of sanctioning or curing the malfeasance before ordering
14  dismissal," and whether "the court warn[ed] the plaintiff of the possibility of dismissal before
15  actually ordering dismissal." *Id*. at 1229 (citations omitted).  Here, Plaintiff was expressly cautioned
16  that dismissal of the action would be recommended if Plaintiff did not show cause why she failed
17  to comply with the Court's July 11, 2012, order and why she failed to prosecute the case. (Doc. 11.)
18  Further, Plaintiff is represented by counsel.  In such a case, the failure to respond to the order to
19  show cause is tantamount to a concession that the matter should be dismissed because Plaintiff is
20  no longer able to or interested in prosecuting the suit.  As such, under the circumstances present in
21  the case, dismissal is the appropriate sanction.

### III.   CONCLUSION AND RECOMMENDATION

23  Accordingly, the Court HEREBY RECOMMENDS that the complaint be DISMISSED with
24  prejudice pursuant to Local Rule 110, for Plaintiff's failure to obey the Court's July 11, 2012, order
25  and failure to show cause why the case should not be dismissed pursuant to the Court's September
26  12, 2012, order. (Doc. 11.)

27  These findings and recommendations are submitted to the district judge assigned to this
28  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one

4

1  (21) days of service of this recommendation, any party may file written objections to these findings
2  and recommendations with the Court and serve a copy on all parties. Such a document should be
3  captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge
4  will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.
5  § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may
6  waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 10, 2012**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE